Dear Mr. Vetsch:
This office is in receipt of your request for an opinion of the Attorney General regarding the extent of the area of responsibility of the Bastrop Area Fire Protection District #2. You indicate three years ago the voters accepted a tax increase to upgrade fire protection in the District. After this was accomplished the insurance rate was reduced. A proposal was presented for people outside the district to join the district and pay the same millage and structure fee, but it was rejected by those voters. Despite the rejection, those residents within five miles of the fire station have gotten an insurance rate decrease without having to pay the taxes of those within the district.
You ask if there is a call outside the fire district will the Fire District be liable for damages if you refuse to respond; and, if you do respond and leave the area within the district unprotected, will you be liable for a loss in the district area.
You indicate that the proposition presented to people outside the district to join the district was rejected, and we will accept your statement that the area in question is outside the district although in accordance with the law the boundaries of a fire district are fixed by the governing authority, and not by a vote of the people. R.S. 40:1491, et seq.
We find R.S. 9:2793.1 pertinent to your inquiry. It provides immunity from liability for property damage at the site of a fire when taking reasonable remedial action to abate a public emergency, but does not cover willful or wanton misconduct, or gross negligence. It states as follows:
 A. No person shall have a cause of action against a public entity or the officers and employees thereof for damage to property at the site of a crime, accident or fire, including without limitation the destruction or deterioration of property, caused while the officer or employee was acting within the course and scope of his office or employment and while taking reasonable remedial action which is necessary to abate a public emergency, unless such damage was caused by willful or wanton misconduct or gross negligence.
 B. (1) As used in this Section, "public entity" means the state, or a political subdivision thereof which maintains a department responsible for fire protection, and its fire department, * * *.
 (2) For purposes of this Section, the term "public emergency" includes any emergency in which there is a potential threat to life or property requiring immediate or remedial action, in order to insure the safety and health of persons and property, including an emergency * * * created by fire.
Liability of firefighters must be judged under this statute, and will only extend to those incidents where damage is caused "by willful and wanton misconduct or gross negligence". Under this criteria it would appear there would not be any liability for failure to respond to a fire in which there is no duty placed upon you for fire protection. The law provides that fire protection districts and subdistricts are authorized to perform all acts necessary for protection of the property "within" the limits of the district or subdistrict against fire. R.S.40:1500; R.S. 40:1506.
As to liability for a loss occurring within your jurisdiction, if the area is left unprotected while answering a fire outside the district, is a factual question that we feel we are not in a position to answer. However, as stated in Industrial Risk Insurers v. New Orleans Pub. Serv., 735 F. Supp. 200 (E.D. La. 1990), liability will have to be judged upon the criteria of a duty-risk analysis. After considering the statutory and regulatory scheme governing the administration of the Fire Department, the court concluded since the department undertook to provide fire protection to the citizens, they owed a legal duty to perform that function according to reasonable standards of conduct.
R.S. 9:2793.1 was held inapplicable in the Industrial Risk Insurers case, supra, as not retroactive for a fire that occurred prior to its passage, but the case did recognize the legal duty to provide fire protection according to reasonable standards. Under R.S. 9:2793.1 liability attaches only with gross negligence.
We hope this information gives you a sufficient guideline to answer your inquiries. If we can be a further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0428f